IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**GINGER MILLER**                                                                                       **PLAINTIFF**

**V.**                              **CASE NO. 4:16-CV-00147 KGB/JTK**

**NANCY A. BERRYHILL,**
**Acting Commissioner,**
**Social Security Administration**                                                              **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II. Introduction:**

Plaintiff, Ginger Miller, applied for disability benefits, alleging a disability onset date of May 25, 2012. (Tr. at 27). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 34). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Miller has requested judicial review.

For the reasons states below, this Court should affirm the decision of the Commissioner.

### III. The Commissioner's Decision:

The ALJ found that Miller had not engaged in substantial gainful activity since the onset date of May 25, 2012. (Tr. at 29). The ALJ found at Step Two that Miller had the following severe impairments: osteoarthritis and degenerative disc disease of the lumbar spine. (Tr. at 29). At Step Three, the ALJ determined that Miller's impairments did not meet or equal a listed impairment. *Id*. Before proceeding to Step Four, the ALJ determined that Miller had the residual functional capacity ("RFC") to perform light work except for the following limitations: 1) occasionally climb ladders, ropes, and scaffolds, and occasionally balance, stoop, bend, crouch, and crawl. (Tr. at 30). Next, the ALJ found that Miller is unable to perform her past relevant work. (Tr. at 32).

At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Miller's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform at the light level, specifically, personal care attendant and cashier II. (Tr. at 33). Consequently, the ALJ found that Miller was not disabled. (Tr. at 34).

### IV.   Discussion:

A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the

opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

    B.  Miller's Arguments on Appeal

Miller argues that substantial evidence does not support the ALJ's decision to deny benefits. She contends that the ALJ erred in his credibility analysis and assigned an RFC which did not incorporate all of Miller's limitations.  After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts. *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987).  An ALJ has a duty "to assess the credibility of the claimant and other witnesses." *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992).  A reviewing court "will defer to an ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so." *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010) (citation omitted).

Before coming to a conclusion on a claimant's credibility, the ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including prior work record, as well as observations by third parties and treating and examining physicians regarding: the claimant's daily activities; the duration, frequency and intensity of pain; precipitating and aggravating factors; dosage, effectiveness and side effects of medication; and functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984).

Miller made a cursory credibility argument, failing to apply law to any of the facts of the case.  Nevertheless, the Court finds that the ALJ's credibility analysis was proper.

Miller was diagnosed with chronic lumbar pain and radiculopathy, but her treatment was

conservative. (Tr. at 275, 285). Her doctors prescribed Lortab, and recommended alternating ice and heat and doing home stretching. (Tr. at 311). Miller admitted that she did not take the Lortab regularly. (Tr. at 275). Her doctor concluded that she did not require surgical intervention and Miller declined to pursue steroidal injections. (Tr. at 331). The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Moreover, Miller confirmed that Hydrocodone relieved her pain. (Tr. at 337). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). The ALJ properly considered Miller's conservative treatment in his credibility analysis.

Additionally, as part of his credibility determination, the ALJ cited Miller's daily activities. She was independent with self-care, could cook simple meals, could iron and do laundry, could drive and shop in stores, and could attend church and sporting events. (Tr. at 31). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). Also, Miller continued to work for five years after the onset of her allegedly disability back condition. (Tr. at 31). Her ability to work for many years with back pain suggests that her pain was not of disabling severity. *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990). The ALJ made explicit credibility findings, giving reasons for his conclusions as prescribed by *Polaski*.

Likewise, the ALJ assigned an RFC that fully incorporated Miller's impairments. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's [RFC], the ALJ has a duty to establish, by competent

4

medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of [his] impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

On five occasions over the relevant time period, Miller's doctors found full range of motion in her back. (Tr. at 258, 275, 286, 338, 340). Clinical testing also showed normal gait and motor strength with sensations intact. (Tr. at 258, 275, 307). Straight-leg raise was negative. (Tr. at 307). Miller showed normal flexion and extension. (Tr. at 331). An MRI in 2011 was negative. (Tr. at 286). An MRI in 2014 revealed moderate degenerative changes but no neural impingement. (Tr. at 331). Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Banrhart*, 363 F.3d 731, 738-39 (8th Cir. 2004).

Two state-agency medical consultants reviewed the record and found that Miller could perform medium work. (Tr. at 32). The ALJ gave Miller the benefit of the doubt considering moderate pain and reduced her RFC to light work with postural limitations. Given the relatively normal findings on clinical exam and the moderate MRI findings, the ALJ made a proper RFC determination.

## V. <u>Conclusion</u>:

There is substantial evidence to support the Commissioner's decision that Miller was not disabled. The ALJ made a proper credibility determination and assigned an RFC that incorporated all of the clinical findings. The finding that Miller was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 16th day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE